UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-371 |
| ABDEL RAHIM MUHAMMAD<br>a/k/a "Charles W. Ramee" | SECTION C |

ORDER AND REASONS

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Rec. Doc. 195. The government opposes. Rec. Doc. 199. Having considered the record, the law, and the submissions by both parties, the Court hereby DISMISSES Petitioner's motion WITH PREJUDICE.

I. Factual Background and Procedural History

On November 5, 2009, Petitioner, Abdel Rahim Muhammad was charged in an indictment with bank robbery while armed with a dangerous weapon in violation of Title 18 U.S.C. § 2113(a) and (d) and Title 18 U.S.C. §924(c)(1)(A)(ii).  Rec. Doc. 8. Petitioner was subsequently charged, in a superseding indictment issued on January 7, 2011, with armed bank robbery, aiding and abetting armed bank robbery, using and carrying a firearm during and in relation to a crime of violence and conspiracy to commit money laundering, in violation of Title 18 U.S.C. § 371, Title 18 U.S.C. § 2113(a) and (d) and 2, Title 18 U.S.C. § 924(c)(1)(A)(ii) and Title 18 U.S.C. § 1956(h), respectively. Rec. Doc. 48. After a jury trial, Petitioner was convicted on November 15, 2011 of armed bank robbery, using and carrying a firearm during and in relation to a crime of violence, and conspiracy to commit money laundering. Rec. Doc. 140-1. On February 29, 2013, Petitioner was sentenced to 162 months in prison, five years of

1

supervised release and restitution of $6,342.00. Rec. Doc. 158.

Petitioner filed an appeal on March 1, 2012 arguing that the evidence at trial was insufficient to sustain his conviction for conspiracy to commit money laundering. Rec. Docs. 154 and 179 at 3. His conviction was affirmed by the United States Court of Appeals for the Fifth Circuit on July 2, 2014. Rec. Doc. 179. The Fifth Circuit held that Petitioner failed to identify any deficiencies in the Government's case. *Id.*

Petitioner filed this instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on August 4, 2014. Rec. Doc. 195. Petitioner alleges that he was deprived effective assistance of counsel at trial and on appeal. *Id.* Specifically, Petitioner claims (1) his trial attorney failed to object to the admittance of certain evidence; (2) his trial attorney failed to call expert witnesses for finger print and handwriting analyses; (3) his trial attorney failed to introduce DNA evidence into the record; (4) his trial and appellate attorneys were biased and (5) his appellate attorney failed to raise all meritorious grounds for reversal and only chose one issue to pursue on appeal. *Id.* The government filed a response September 11, 2014 opposing Petitioner's motion. Rec. Doc. 199.

II. Analysis

When a defendant files a motion under 2255, the court must make a prompt determination of the issues raised therein, adhering to the procedures set forth in 28 U.S.C. § 2255 and the Rules Governing 2255 Proceedings in the District Courts. When a motion is filed, the Court must conduct an initial review to determine whether the motion and the record conclusively show that the prisoner is entitled to no relief.  28 U.S.C. § 2255(b); Rules Governing Section 2255 Proceedings, Rule 4(b). If the answer to this question is no, the Court must provide notice to the U.S. Attorney

and order him to file an answer. *Id.* After the answer is filed, the Court must review it, along with the remainder of the record to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). An evidentiary hearing <u>must</u> be granted where there are contested issues of fact material to the disposition of the motion. *See Freidman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979).

     *A. Ineffective Assistance of Counsel*

The Sixth Amendment entitles movant to the effective assistance of counsel at all critical stages of the criminal process. *See, e.g.*, *Lafler v. Cooper*, 566 U.S. __, __, 132 S. Ct. 1376, 1385, 182 L. Ed. 2d 398 (2012). To sustain a claim of ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984). A court may consider the twin requirements of deficient performance and prejudice in either order; failure on one prong obviates the need to analyze the other. *Id.* at 697, 104 S. Ct. at 2069.

Deficient performance requires a showing "that counsel made errors so serious that counsel was not functioning as counsel guaranteed" by the Sixth Amendment and that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-688, 104 S. Ct. at 2064. Generally, to make such a showing, a defendant must "identify the acts or omissions alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. Counsel's strategic or tactical trial decisions are not per se unreasonable just because another attorney, with the benefit of hindsight would have made a different choice. *Buckley v. Collins*, 904 F.2d 263, 265 (5th Cir. 1990). A reviewing court must determine whether the

identified acts or omissions fell outside "the wide range of professionally competent assistance," while indulging "a strong presumption that counsel's conduct falls within" that range. *Id.* at 689, 104 S. Ct. at 2065. A defendant must overcome "a strong presumption" that counsel's conduct "might be considered sound trial strategy." *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1955)).

Typically, claims of deficient attorney performance based on the failure to call specific witnesses are not favored in federal habeas corpus review due to the fact that (1) decisions regarding what testimonial evidence is presented during trial is "a matter of trial strategy;" and (2) the speculative nature of allegations of what the witness' testimony would have entailed. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) *citing Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008). *See also Evans v. Cockrell,* 285 F.3d 370, 377 (5th Cir. 2002). Whether the claims are for uncalled expert or law witnesses, to prevail, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witnesses proposed testimony and show that the testimony would have been favorable to a particular defense." *Id.*

The *Strickland* standard also applies to ineffective assistance of appellate counsel claims. *Duhmel v. Collins*. 955 F.2d 962, 967 (5th Cir. 1992) *citing Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). When alleging ineffective assistance of appellate counsel, the petitioner "must show that the neglected claim would have had a reasonable probability of success on appeal." *Duhmel*, 955 F.2d at 967. However, failing to raise every meritorious claim on appeal does not make counsel deficient. *Green v. Johnson*, 116 F.3d 1115, 1125-26 (5th Cir. 1997) *citing Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).

Once there has been a showing of deficient performance, the *Strickland* test also requires a showing of prejudice. Prejudice requires a defendant to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.*

In this case, Petitioner has alleged that his trial and appellate counsel were both deficient by being biased. Additionally, Petitioner has claimed his trial attorney's failure to admit DNA evidence, failure to object to a hand gun, stained money and a cell phone being admitted into evidence and failure to call expert witnesses was deficient. Rec. Doc. 195 at 4-8. However, other than these allegations, Petitioner has failed to provide any evidence that his trial and appellate counsel acted outside the scope of "reasonable effective assistance" and employed unsound trial strategy. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

Petitioner has failed to overcome the strong presumption that counsel's decisions regarding what evidence to admit or object to, whom to call as witnesses, and what issues to raise on appeal, were sound trial strategy. Particularly, Petitioner has failed to identify what witnesses should have been called, if they were indeed available for trial and would have testified, what the content of their testimony would have entailed and how that testimony would have been favorable to a specific defense. However, even if assuming that Petitioner has satisfied the first prong of *Strickland*, he has not shown with reasonably probability that counsel's failure to object to the admittance of evidence, failure to call expert witnesses, failure to introduce inconclusive DNA evidence and failure to raise additional issues on appeal prejudiced the outcome of the proceedings against Petitioner. On the contrary, the record indicates that the

Prosecution had a strong case against Petitioner. There were two bank tellers who identified Petitioner during trial as the individual who robbed the bank at gun point, a post-office employee who identified Petitioner has the individual who purchased five $500.00 money orders with red-dye stained cash, and the Georgia attorney who received the money orders from Petitioner after being told he was unable to secure the money to pay her fees. There is no evidence that, but for Petitioner's counsels' behavior, Petitioner would have been successful at trial.

### B. Movant's Entitlement to Evidentiary Hearing

Section 2255(b) requires the Court to "grant a prompt hearing" on any motion filed under its auspices, "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." The Fifth Circuit has repeatedly held that "contested fact issues ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981) (citing *Owens v. United States*, 551 F.2d 1053, 1054 (5th Cir. 1977)). However, in this case there are no affidavits to consider, and no factual disputes. Petitioner has failed to establish his ineffective assistance of counsel claim under *Strickland.* Under these circumstances, an evidentiary hearing is not required. *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992); *citing United States v. Auten*, 632 F.2d 478 (5th Cir. 1980) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files and records of the case conclusively show that the prisoner is entitled to no relief.").

In light of the forgoing, an evidentiary hearing is not required to resolve movant's claim of ineffective assistance of counsel.

Accordingly,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence is DENIED WITH PREJUDICE.

New Orleans, Louisiana, this 17th day of November, 2014

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE